KENT B. GOSS (State Bar No. 131499)
VALERIE M. GOO (State Bar No. 187334)
SETH FREILICH (State Bar No. 217321)
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 S. Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone:  213-629-2020
Facsimile:   213-612-2499
kgoss@orrick.com
vgoo@orrick.com
sfreilich@orrick.com

Attorneys for Plaintiff
LOUNGE 22, LLC

JS-6

NOTE: CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LOUNGE 22, LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>BRAND X FURNITURE, an unknown entity; ACME DESIGN GROUP, an unknown entity; ACME SPECIAL EVENTS, INC., a California Corporation; FRANCESCO DIGRADO, an individual, and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO.  CV 09-3692 JFW (Ex)<br><br>**CONSENT JUDGMENT AND PERMANENT INJUNCTION**<br><br>Hon. John F. Walter |

Upon consent of plaintiff, LOUNGE 22, LLC, a California Limited Liability Company ("Lounge 22"), on the one hand, and defendants ACME MADE IN AMERICA, LLC d/b/a BRAND X FURNITURE, a California Limited Liability Company, ACME SPECIAL EVENTS, INC., a California Corporation, and FRANCESCO DiGRADO, (collectively "Defendants"), on the other hand, it is hereby ORDERED AND ADJUDGED that:

1. This Court has jurisdiction over this action.

2. The true names of the defendants and the real parties in interest in this action are: ACME MADE IN AMERICA, LLC d/b/a BRAND X FURNITURE, a California Limited Liability Company, which was mistakenly named as ACME DESIGN GROUP, an unknown entity, and BRAND X FURNITURE, an unknown entity; ACME SPECIAL EVENTS, INC., a California Corporation; and FRANCESCO DeGRADO, who was mistakenly named as FRANCESCO DIGRADO.

3. Lounge 22 is the owner of the trademarks and trade names LOUNGE 22 and LOUNGE22, and variations thereof (referred to herein as the "Lounge 22 Trademarks"), that Lounge 22 has used the Lounge 22 Trademarks continuously since at least 2005 in connection with event planning, design and furniture rental and that Lounge 22 is the owner of federal trademark registrations for the Lounge 22 Trademarks, including United States Trademark Registration Nos. 3,169,162, 3,169,164, and 3,169,165, and that such marks and registrations are valid and enforceable.

4. Lounge 22 owns valid and existing trade dress rights in the non-functional unique design of the "Snow Curve Banquette," "Tiered Bar," and "Seated Bar" (the "Trade Dress") as shown in the depictions attached hereto as Attachment "A."

1      5. Defendants have no past or present right, individually or collectively, to the use of the Lounge 22 Trademarks, the Lounge 22 trade name or Lounge 22 trade dress.

    6. Each Defendant, together with its or his respective officers, directors, agents, affiliates, servants, employees and attorneys, and those in active concert or participation with each of them, shall be and are hereby PERMANENTLY RESTRAINED AND ENJOINED, from:

    a) Utilizing any of the Lounge 22 Trademarks or the Lounge 22 trade name, or any colorable imitation or confusingly similar mark or name in any infringing manner, including but not limited to use as a heading or hyperlinked text in internet advertising, or in connection with the offering for sale, sale or provision of furniture rental or event planning products or services, while Lounge 22 Trademarks or the Lounge 22 trade name are valid and enforceable trademarks or trade names.

    b) Utilizing any of Lounge 22's Trade Dress of the Snow Curve Banquette, Seated Bar and Tiered Bar or any colorable imitation thereof in any infringing manner, including but not limited to use as a heading or hyperlinked text in internet advertising, in connection with the advertising, marketing, offering for sale, sale or provision of furniture rental or event planning products or services, while the Lounge 22 Trade Dress of the Snow Curve Banquette, Seated Bar or Tiered Bar are valid and enforceable.

    c) Manufacturing, producing, importing, distributing, advertising for sale or rent, selling or renting or otherwise engaging in any commercial activity with respect to any product bearing the Lounge 22 Trademarks, trade name or Trade Dress or any colorable imitation thereof.

      d) Using any false designation of origin or false description that can or is likely to lead the trade, public or individual members thereof to believe that any product or service manufactured, distributed, sold or offered for sale by any of the Defendants is in any manner associated or connected with Lounge 22, or is sold, manufactured, licensed, sponsored or approved, authorized by or affiliated with Lounge 22.

      e) Engaging in any other activity constituting an infringement of any of the Trademarks or Trade Dress or otherwise unfairly competing with Lounge 22.

7. Defendants shall be jointly and severally liable to pay Lounge 22, collectively, the sum of $15,000 for costs and attorneys' fees in this action.

**IT IS SO ORDERED** this 16th day of October, 2009.

_____
HONORABLE JOHN F. WALTER
UNITED STATES DISTRICT JUDGE